UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Francisco O. C.,

Petitioner,

v.

Pamela Bondi, et al.,

Respondents.

No. 26-cv-1231 (KMM/JFD)

ORDER

This matter is before the Court on Petitioner Francisco O. C.'s ("Francisco" or "Petitioner") Verified Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1.) For the reasons that follow, the petition is granted in part and the Court orders additional briefing.

**Background**

Francisco is a citizen of Mexico who resides in Rochester, Minnesota. (Dkt. 1 ¶ 7.) He has lived in the United States since March 2022, and he is not subject to a final order of removal. (*Id.* ¶¶ 12–13.) Agents of U.S. Immigration and Customs Enforcement (ICE) arrested Francisco near his home in Rochester on February 7, 2026. (*Id.* ¶¶ 7, 14.) Although Francisco alleges that the agents who arrested him produced no warrant or other documentation to support his arrest (*id.* ¶ 15), Respondents have produced a Form I-200 "Warrant for Arrest of Alien," dated February 7, 2024 (Dkt. 6-1).

Francisco filed his habeas petition at 7:44 PM on February 8, 2026 (Dkt. 1), and at 8:55 PM the Court issued an Order to Show Cause requiring Respondents to answer the

petition and enjoining them from moving Francisco outside of Minnesota, or if he had already been removed from Minnesota, to immediately return him to Minnesota (Dkt. 3). When he filed the petition, Francisco's counsel alleged that ICE agents brought him to a detention facility in the District of Minnesota, but he was detained in ICE custody at the time of filing at an unknown location. (Dkt. 1 ¶ 16.) As of 3:40 PM on the date of filing the ICE online detainee locator showed no matching records for Petitioner's name, date of birth, and country of origin. (*Id.* ¶ 17.) Respondents assert that Petitioner had already been moved to a facility in Texas before the Court issued the Order prohibiting transfer. (Dkt. 5 at 2.) In addition, they state that since Francisco was transferred to Texas, "and in accordance with the Court's order to return [him] if he had been transferred, the Federal Respondents' undersigned counsel and attorneys within ICE's Office of the Principal Legal Advisor have worked to arrange for Petitioner's return to Minnesota, and that is scheduled to occur [on February 12, 2026]." (*Id.* at 2–3.) However, Respondents do not argue that the Court lacks jurisdiction to issue a ruling on the petition.[1] (*Id.* at 3.)

**Discussion**

Petitioner requests immediate release or, alternatively, a bond hearing pursuant to 8 U.S.C. § 1226(a). (Dkt. 1 at 17 n.1.) Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Alternatively, they argue that

[1] The Court appreciates Respondents' concession that jurisdiction is appropriate in this District under the circumstances of this case. Respondents state that a visit to the ICE detainee locator website on February 11, 2026 provides accurate information regarding Francisco's location. (Dkt. 5 at 3 n.1.) However, Respondents do not dispute that this information was unavailable at the time he was taken into custody in Minnesota and then purportedly transferred to Texas within a day of his arrest.

Francisco's detention is justified under 8 U.S.C. § 1226(a) because he was arrested pursuant to an administrative warrant. (Dkt. 5.)

**I. 8 U.S.C. § 1225(b)(2)**

his case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226 or another statute. This Court has previously held that, because such people are not "seeking admission" as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion. And while the Fifth Circuit recently adopted Respondents' reading of § 1225(b)(2), the Seventh Circuit reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4-10 (5th Cir. Feb. 6, 2026), *with Castañon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025).

Respondents' position is that the cases representing the majority view were wrongly decided. Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Francisco or others who

are similarly situated, and his mandatory detention under that provision is not supported by the law.

## II. 8 U.S.C. § 1226(a)

Respondents alternatively argue that Francisco's immediate release is precluded because at a minimum he was lawfully detained under § 1226(a) pursuant to a warrant, and at a minimum they can hold him pending a bond hearing. (Dkt. 5; Dkt. 6 1.) Section 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Respondents are correct that § 1226(a) provides them the authority to initially detain Francisco if he was arrested pursuant to a warrant. However, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961 (D. Minn. 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Accordingly, while the Court does not order Francisco's immediate release at this time, he is, at a minimum, entitled to a bond hearing.

Finally, the Court observes that the use of warrants at the time of arrest of people like Petitioner seems to be a new practice in this District. The Court has not received any briefing addressing whether the document offered by Respondents is in fact a "warrant issued by the Attorney General," as contemplated by § 1226(a), nor whether Petitioner was arrested after the issuance of such a warrant. It is appropriate that Petitioner's counsel have an opportunity to address this issue. Therefore, as provided below, the Court will both order an immediate bond hearing and give Petitioner an opportunity to submit a Reply addressing

whether the document satisfies the requirements of the applicable statute, or whether immediate release is instead the appropriate remedy. In addition, the Court requires the government to provide additional information regarding the issuance of the warrant.

**ORDER**

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Verified Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED IN PART**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and Respondents are **ENJOINED** from detaining him pursuant to that provision.

3. **On or before February 17, 2026**, Respondents shall submit additional evidence sufficient to show when the warrant at Docket Entry 6-1 was issued in relation to ICE agents encountering and arresting the Petitioner, and who issued that warrant.

4. If Petitioner wishes to file a Reply addressing whether the document provided by Respondents is a warrant that satisfies § 1226(a), Petitioner must do so **no later than February 20, 2026**. The deadline for Petitioner's reply established in the Court's Order to Show Cause is, therefore, extended in accordance with this paragraph.

5. Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) **by February 17, 2026**.

6. Respondents are **ORDERED** to file an update on the docket **by noon on February 19, 2026**, demonstrating to the Court that such a hearing has taken place.

**Let Judgment be entered accordingly.**

Date: February 11, 2026

*s/ Katherine Menendez*
Katherine Menendez
United States District Judge