UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Francisco O. C.,<br><br>Petitioner,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>Respondents. | No. 26-cv-1231 (KMM/JFD)<br><br><br><br>ORDER |

---

This matter is before the Court for further consideration of Petitioner Francisco O. C.'s ("Francisco" or "Petitioner") petition for a writ of habeas corpus. (Dkt. 1.) The Court previously issued an Order granting the petition in part and ordering Respondents to provide Francisco with a bond hearing. (Dkt. 7.) On February 17, 2026, Respondents advised the Court that a bond hearing had been held, and an Immigration Judge denied Francisco's request for bond. (Dkts. 11–12.) However, Petitioner requested a bond hearing only as an alternative to his primary request for relief in the petition—that he should be released from the custody of immigration officials immediately. (*See* Dkt. 1 ¶ 60; *id.* at 17 n.1.) Although the Court required a bond hearing to take place here because Respondents submitted a copy of the Form I-200, Warrant for Arrest of Alien, for Petitioner (Dkt. 6-1), the Court also explained that additional information was required regarding the issuance of the warrant (Dkt. 7 at 4–5).

Specifically, in response to Respondents' argument that they could hold Francisco pending a bond hearing because of the Form I-200 warrant, the Court observed the following:

> Section 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Respondents are correct that § 1226(a) provides them the authority to initially detain Francisco if he was arrested pursuant to a warrant. However, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961 (D. Minn. 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Accordingly, while the Court does not order Francisco's immediate release at this time, he is, at a minimum, entitled to a bond hearing.
>
> Finally, the Court observes that the use of warrants at the time of arrest of people like Petitioner seems to be a new practice in this District. The Court has not received any briefing addressing whether the document offered by Respondents is in fact a "warrant issued by the Attorney General," as contemplated by § 1226(a), nor whether Petitioner was arrested after the issuance of such a warrant. It is appropriate that Petitioner's counsel have an opportunity to address this issue. Therefore, as provided below, the Court will both order an immediate bond hearing and give Petitioner an opportunity to submit a Reply addressing whether the document satisfies the requirements of the applicable statute, or whether immediate release is instead the appropriate remedy. In addition, the Court requires the government to provide additional information regarding the issuance of the warrant.

(Dkt. 7 at 4–5.) In short, because the Form I-200 in the record included no time stamp and Respondents provided no evidence to show whether Petitioner was arrested after the issuance of the warrant or before the warrant was provided, the Court issued an Order

requiring Respondents to "submit additional evidence sufficient to show when the [Form I-200 warrant for Francisco] was issued in relation to ICE agents encountering and arresting the Petitioner, and who issued that warrant." (Dkt. 7 at 5 ¶ 3.)

On February 17, 2026, Respondents filed the Declaration of Deportation Officer Geneva A. Balencia ("DO Balencia"), which discusses certain information about the issuance of the warrant. (Dkt. 10.) However, DO Balencia's testimony does not provide any detailed information that could establish when the Form I-200 was issued in relation to Francisco's arrest and detention, as required by the Court's Order. Instead, DO Balencia largely provides information that was already reflected in the record.[1] For example, DO Balencia states that the Form I-200 for Petitioner was "issued for [Francisco] on February 7, 2026." (*Id.* ¶ 6.) But that date was already on the Form I-200 that Respondents previously filed. (Dkt. 6-1.) DO Balencia also states that "ICE-ERO encountered [Petitioner] during enforcement activity in Rochester, MN. [Petitioner] was encountered outside the targeted residence and admitted to being illegally present and was taken into custody." (Dkt. 10 ¶ 8.) DO Balencia goes on to state that "[t]he Form I-200 reflects that it was served on [Petitioner] at the address of the targeted residence." (*Id.*)

The Court finds Respondents' evidence falls short of establishing that the warrant was, in fact, issued prior to Francisco's arrest and was, in fact, served on him at the time of his arrest. Notably, DO Balencia does not state that is what occurred. Instead, DO Balencia

[1] DO Balencia does identify the Deportation Officer and Supervisory Detention and Deportation Officer who served the Form I-200. (Dkt. 10 ¶ 7.) However, that information does not illuminate the question of timing that is at the heart of the Court's concern in this case.

restates only what the Form I-200 itself "reflects" about when it was served. But there is no sworn affidavit nor declaration testimony made under penalty of perjury that says it was served that day. Nor is there any evidence indicating that the Form I-200 for Francisco was issued prior to his arrest. In other words, Respondents have failed to show the very thing the Court informed them they needed to establish to justify any discretionary detention pursuant to § 1226(a). Additionally, Respondents point the Court to no authority for their implied position that the warrant was legally sufficient to support its invocation of § 1226(a).

The Court finds that Respondents' failure either to submit evidence showing that the administrative warrant in this case was, in fact, issued prior to Petitioner's arrest, or argument that such evidence is not necessary, means that the appropriate remedy is not ultimately a bond hearing, but Francisco's release from custody.[2] As courts in this district and elsewhere have noted previously, § 1226 provides that an alien may be arrested and detained "*[o]n a warrant issued by the Attorney General*," and in the absence of a warrant, an alien cannot be arrested and detained under that provision. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Alberto C.M. v. Noem*, No. 26-cv-380 (DWF/SGE), Dkt. 9 at 5 (D. Minn. Jan. 23, 2026) (finding that "ICE does not have authority to detain a noncitizen under § 1226 who was arrested without a warrant"). If "detention … lacks a lawful predicate," and Respondents fail to show "a

[2] Although the Court has previously ordered Petitioner to file a reply concerning the warrant issue, the Court finds that Respondents' failure to submit evidence supporting the timing of the warrant's issuance in relation to Petitioner's arrest makes it unnecessary for the Court to receive that filing.

valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Ahmed M.*, 2026 WL 25627, at *3 (quoting *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025) (Dkt. 9 at 6 (Order on Pet.))). Instead, the proper remedy is release from custody. *Id.*

The Court concludes that Fancisco is entitled to release. *Jorge A.-G. v. Bondi*, No. 26-cv-1392 (ECT/DLM), 2026 WL 444682, at *2 (D. Minn. Feb. 17, 2026) (finding that the absence of information concerning a Form I-200 warrant, including whether it was issued prior to the petitioners' arrests, was insufficient to support detention pursuant to § 1226(a) and ordering release); *see also Jose D.S. v. Noem*, No. 26-cv-1040 (JMG/EMB), 2026 WL 381889, at *1 n.1 (D. Minn. Feb. 11, 2026) ("[I]ssuing an administrative warrant *after* an arrest isn't good enough to trigger § 1226(a)."); *Alberto C.M.*, 2026 WL 184530, at *2 (finding that release was the proper remedy where a Form I-200 for the petitioner was not issued until after his arrest and initial detention).[3]

---

[3] The Court observes that an immigration officer has authority to make arrests without a warrant when the officer "has reason to believe that the alien so arrested is in the United States in violation of [immigration laws and regulations] and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States[.]" 8 U.S.C. § 1357(a)(2). There is no evidence before the Court that Francisco was arrested based on this authority to make warrantless arrests. In any case, there is nothing in the record to show that immigration officers made a "determination … within 48 hours of the arrest … [about] whether [Francisco] w[ould] be continued in custody or released on bond or recognizance[.]" 8 C.F.R. § 287.3(d).

For these reasons, **IT IS HEREBY ORDERED THAT**:

1. The previous Judgment (Dkt. 8) is **VACATED** and the Clerk of Court is **DIRECTED** to enter an Amended Judgment consistent with this Order.

2. Petitioner's Verified Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED** to the extent Petitioner requests that he be immediately released from custody.

3. The Court **DECLARES** that Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) and Respondents are **ENJOINED** from detaining him pursuant to that provision.

4. The Court **DECLARES** that Respondents have not shown that Petitioner was arrested "on a warrant issued by the Attorney General" and, therefore, they have not established that he is subject to discretionary detention under 8 U.S.C. § 1226(a).

5. The Court **ORDERS** Respondents to immediately release Petitioner Francisco O. C. **without conditions and no later than 5:00 PM on February 19, 2026**.

6. Upon Petitioner Francisco O. C.'s release, Respondents must return **all of his personal effects seized during his arrest, including but not limited to his immigration paperwork**. His property must be returned in the same condition as it was in at the time he was arrested.

7. Finally, the Court **ORDERS** Respondents to file a notice within 24 hours of Petitioner's release, specifying the date, time, and location of his release.

**Let Judgment be entered accordingly**.

Date: February 18, 2026

*s/ Katherine Menendez*
Katherine Menendez
United States District Judge